UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILLIAMS,

        Petitioner,

                                   Case No. 16-cv-13142

v.

                                   HON. MARK A. GOLDSMITH

SHAWN BREWER,

        Respondent.

_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT**

This matter is before the Court on Petitioner Kenneth Williams' pro se petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Petitioner, who is presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, seeks relief from his convictions for two counts of first-degree murder, Mich. Comp. Laws § 750.316; assault with intent to rob while armed, Mich. Comp. Laws § 750.89; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner claims that he is actually innocent of the crimes for which he is presently incarcerated. The Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court

1

shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); <u>In re Sims</u>, 111 F.3d 45 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner previously filed a petition for a writ of habeas corpus challenging the same convictions challenged herein.  That petition was denied on the ground that it was not filed within the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1).  <u>See Williams v. Smith</u>, No. 00-cv-60335, Op. & Order, Dkt. 32 (E.D. Mich. May 22, 2001) (Battani, J.).  A dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive.  <u>See Murray v. Greiner</u>, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").  Petitioner has not obtained authorization from the United States Court of Appeals for the Sixth Circuit for the filing of a successive petition and may not proceed with this petition without receiving authorization.

Accordingly, the Court orders the Clerk of Court to transfer this case to the United States Court of Appeals for the Sixth Circuit.

SO ORDERED.


Dated:  September 12, 2016                       s/Mark A. Goldsmith_____
          Detroit, Michigan                        MARK A. GOLDSMITH
                                                   United States District Judge


2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2016.

s/Karri Sandusky
Case Manager